**Lisa R. KAY, Plaintiff–Appellant,**

v.

**Troy C. BENNETT, Jr., Official Capacity and Individual Capacity; Margaret Reaves, Official and Individual Capacity, Defendants–Appellees.**

No. 05–50578.
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided April 17, 2006.

Lisa R. Kay, Gatesville, TX, pro se.

Before REAVLEY, HIGGINBOTHAM, and CLEMENT, Circuit Judges.

PER CURIAM: *

■ Lisa R. Kay, Texas prisoner # 707717, seeks leave to proceed in forma pauperis (IFP) in her appeal of the dismissal of her 42 U.S.C. § 1983 complaint. Kay's IFP motion is construed as a challenge to the district court's certification that her appeal is not taken in good faith. *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir.1997). Our inquiry into Kay's good faith is limited to the district court's reasons for the certification; we consider the IFP motion to determine "whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir.1983) (internal quotation marks and citation omitted); *Baugh*, 117 F.3d at 202. Because Kay's complaint was dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), we review that dismissal for an abuse of discretion. *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir.1998).

■ Kay argues that she stated a valid equal protection claim. However, examination of her pleadings show that she did not allege the requisite facts for such a claim. *See Wheeler v. Miller*, 168 F.3d 241, 252 (5th Cir.1999); *Johnson v. Rodriguez*, 110 F.3d 299, 306–07 (5th Cir.1997). Moreover, Kay has not refuted the district court's conclusion that the defendants could not be held vicariously liable for the alleged violations, thereby abandoning her challenge to that holding. *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993). Accordingly, Kay has not shown

that her appeal involves "legal points arguable on their merits." *Howard*, 707 F.2d at 220. Accordingly, Kay's request for IFP status is denied, and her appeal is dismissed as frivolous. *See* 5TH CIR. R. 42.2; *Baugh*, 117 F.3d at 202 & n. 24.

■ The dismissal of this appeal as frivolous and the district court's dismissal of the complaint as frivolous both count as strikes for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir.1996). Kay previously accumulated one strike. *See Kay v. Perret*, 73 Fed.Appx. 79 (5th Cir. 2003) (unpublished) (affirming the district court's dismissal of Kay's § 1983 complaint as frivolous). Kay is now barred from proceeding IFP in any civil action or appeal filed which she is incarcerated or detained in any facility unless she is under imminent danger of serious physical injury. *See* § 1915(g).

MOTION DENIED; APPEAL DISMISSED; THREE–STRIKES BAR IMPOSED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.